UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| CHEN I. CHUNG, <br>     Petitioner, <br><br> v. <br><br> J. RAY ORMOND, Warden,[1] <br>     Respondent. | Civil Action No. 6:19-039-KKC <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Chen I. Chung is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Chung filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Chung's petition.

In 1992, a jury convicted Chung of numerous counts related to racketeering, kidnapping, and murder. *See United States v. Chung*, No. 1:90-cr-1019 at R. 16 (E.D.N.Y. 1992). The trial court then sentenced Chung to life in prison. *See id.* at R. 69. Chen filed a direct appeal, but the United States Court of Appeals for the Second Circuit affirmed the trial court's judgment, except as to certain monetary fines. *See United States v. Wong et al.*, 40 F.3d 1347 (2nd Cir. 1994). Cheng's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See, e.g., Chung v. United States*, No. 1:11-cv-3579 at R. 6 (E.D.N.Y. 2012).

Chung has now filed a § 2241 petition with this Court. [R. 1]. While Chung's petition is difficult to follow, he appears to be arguing that his various convictions under 18 U.S.C. § 1959

---

[1] While Chung named the United States of America as the Respondent in this case, the proper Respondent is the warden of the facility where Chung is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Since Chung is confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky, and the warden of that facility is J. Ray Ormond, the Court will substitute Ormond as the Respondent in this matter.

are invalid and that his sentence was erroneously enhanced under § 2A1.1 of the United States Sentencing Guidelines. Chung cites numerous cases to support his claims, including but not limited to *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Ultimately, Chung suggests that his convictions and sentence were "unconstitutional," and he asks the Court to grant him relief.

Chung's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Chung cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced such that it represents a miscarriage of justice or fundamental defect, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Chung has not made such a showing. In fact, Chung's petition is quite confusing and, thus, he has not demonstrated in any clear way that a new rule of statutory law either renders

him actually innocent of an offense or causes his sentence to be a miscarriage of justice or fundamental defect. Chung does rely on the Supreme Court's recent decision in *Dimaya*, but that case involved a constitutional question, not an issue of statutory interpretation. And while Chung also cites *Descamps* and *Mathis*, neither of those cases speak to § 2A1.1 or the other issues presented in Chung's case. In short, the Court has fully reviewed Chung's petition, but he has not shown that he is entitled to relief via § 2241.

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall **SUBSTITUTE** in Warden J. Ray Ormond as the Respondent in this proceeding.
2. Chung's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.
3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.
4. A corresponding Judgment will be entered this date.

Dated February 20, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY